And it was further wrong because this mark is not likely to be confused with the mark that was cited against it, which is a design registration where the trademark, Lady Golf, is not only stylized, but the O of golf appears as a large golf ball on a tee. Mr. Kersey, both of these issues, the descriptiveness issue and the likelihood of confusion or likely to cause confusion issue, both of those issues are reviewed here for substantial evidence, correct? Yes, Your Honor. Isn't that a difficult hurdle for you because clearly there is an ample record in this matter on both of those issues that would establish substantial evidence to support the Board's conclusion. Why is that wrong? Well, as Your Honor pointed out, there are two issues. One is descriptiveness. And the mark ladiesgolf.com is no more descriptive than the mark ibm.com. IBM has a registration for ibm.com. This mark, of course, is suggestive, just as IBM's mark is suggestive. Although the patent office or the trademark office has argued that the mark is descriptive, the mark ladiesgolf.com doesn't describe golf tees or golf clubs. It's true, it suggests perhaps those items. But under the law, a suggestive mark is registrable just as the mark ibm.com is registrable because it doesn't describe any particular aspect of IBM's business. It suggests perhaps what IBM does. So my first response to your question is this mark, yes, there's a record, but what the record shows, in my opinion, is that this mark is suggestive and not descriptive. Suggestive of what? Suggestive of golf activities. The mark is ladiesgolf.com. It suggests that the person who uses this mark is possibly engaged with a resort that deals with ladies golf or with implementing golf, perhaps even manufacturing golf clubs. It doesn't suggest, it doesn't describe the particular activities for which this mark is registered. Well, the test is whether the mark conveys information about a significant quality or characteristic of the goods or services. And I submit that when you say ladiesgolf.com, that doesn't suggest any characteristic of the goods or services because we don't know what the goods or services are. Well, the goods or services are products sold online for ladies golf, correct? Well, not completely. This mark is also used, as I said, in applicants' business. Well, what is the description of the services in your application? It is true that the application is specifically narrowed to online services for golfing items. But when you say ladiesgolf.com, that doesn't tell you what the golfing items are, just as the mark IBM.com It doesn't have to, does it? Excuse me, Your Honor? It doesn't have to, does it? Well, all it has to do is suggest what they are, and I submit that's what it does. Well, as long as it conveys information about the relevant goods or services, that renders the mark descriptive. I know you don't like that conclusion and that characterization. I understand that. I think it's inappropriate, Your Honor. The question, though, is whether the record provides substantial evidence to support the patent office's decision. I understand that, Your Honor. The words ladies golf, they don't appear in the dictionary. That's not a dictionary term. That's not a term that you can look up in the dictionary. There are a lot of dictionary entries for lady combined with other words, but there is no entry in the dictionary for lady combined with golf. But this mark goes beyond that. It adds .com. In the case of the mark that was cited against it, the word mark was lady golf, but of course that was not registrable. It was only because they had the design of the golf ball and they disclaimed any entitlement to lady golf apart from the mark as shown. We have that situation. We have ladies golf, but we have something else. We've added the .com, just as IBM added .com to its application for registration. But why does that make a difference? Because it's simply descriptive. I'm sorry. Excuse me, Your Honor. It's simply suggestive and not descriptive. That's what the patent office said. I understand, but I submit that the patent office is mistaken. As I said, it is a matter of law with this court that suggestive marks are registrable. Mr. Kersey? Yes, Your Honor. Have you read that decision by this court in Opendahl and Larson, N. Ray Opendahl and Larson, which was not cited in your brief? No, it's not cited, Your Honor. In that particular decision, which we're bound by, it was decided on June 25, 2004, before your briefs were filed, there's a statement in that opinion saying, in effect, adding .com to the mark adds a further description of the Internet feature of the identified goods. So they denied registration just by adding .com to that particular mark. How do you argue around that particular decision? Well, I think that this court has an opportunity to overrule that decision because I think that decision is wrong. We as a panel cannot overrule it. I understand, but my position is that that decision is incorrect. Why is it incorrect? The reason I say that is because when you have an Internet mark, you have exclusive rights to that mark. Nobody else can come along and use the same mark. If somebody comes along and tries to use ladiesgolf.com, they will be rejected because we have priority with that mark. No one else can have that mark. And because we have exclusive rights to that mark, I submit that that mark should be registrable. Well, the PTO disagrees with you and this court disagrees with you. If you wanted to review that particular case, you should have cited it in your brief. And it's not cited in your brief. Well, I apologize for my failure to do so, Your Honor. But I submit at this time that since an Internet address is the exclusive property of the person who obtained the Internet address, no one else can have that Internet address, that that exclusive property right should be recognized with a trademark status so that other people shouldn't be able to appropriate that exclusive right that the Internet owner has. Well, that very point was addressed by the court in the Apadol case that Judge Gallarza alluded to. And we declined to adopt that kind of a per se rule stating that trademark law requires evaluation of a proposed mark to ascertain the commercial impression conveyed in light of the goods or services associated with the mark, not just a simple check for ownership of an Internet address. We're bound by that decision. Well, Your Honor, I respectfully submit that that decision is wrong for the reasons that I've stated. I'll give you the citation so you can look it up later on. It's 373 Fed Theory 1171. I have it, Your Honor. Thank you. You're under your rebuttal time, so if you want to keep your rebuttal time. Yes, Your Honor. Thank you. Thank you. Ms. Sluter? Is it Sluter or Sluter? Sluter. Sluter. May it please the Court, I'm Nancy Sluter here for the Patent Office. I would just like to make a few points. We did cite the Opadol case in our brief, and we relied on it heavily. It was this Court's first decision that addressed the issue of adding a dot-com to a descriptive term. And in this case, I think the evidence that the Board and the examiner relied on was sufficient to show that ladies' golf is descriptive when you're using it for online services and offering ladies' golf clothing and equipment. So using the term ladies' golf and combining it with dot-com, in this instance, the combination would not add anything to take it out of the descriptive realm of a mark. And I think that's exactly what this Court said in Opadol. It said typically, or in general, adding the dot-com will not remove the descriptive nature of the rest of the mark. So here the Board did look at ladies' golf, and it looked at dot-com, and it looked at the combination of the two together, and it found that the mark remained merely descriptive. Appellant didn't have an opportunity to address the likelihood of confusion issue, which was the other basis for refusal in this case. And here the office found that there would be a likelihood of confusion if applicants marked ladiesgolf.com were registered in view of the mark lady golf and design that's already registered. That's at page 22 of the appendix. And here, first of all, they found that the services were extremely similar. The registrant has a retail golf store service as well as a registration for the items of clothing and equipment that you would use for women's golf. And so therefore, in view of these very similar services, they next moved to look at a comparison of these two marks. And again, the Board and the examiner found that the marks were very similar. And when these marks were used on these very similar services, you have your online retail services and your retail store services that aren't specifically online, that purchasers would make some sort of an association. And I think the Board's analysis of the two marks is very clear in their opinion, and we set that out in our brief. Unless the Court has any additional questions with respect to the refusal, I would note that if this Court were to affirm on the likelihood of confusion refusal, it wouldn't be necessary to go on and address the descriptiveness refusal, because this would bar the applicant from registering this mark. The descriptiveness refusal is just for descriptiveness, and it's possible that they could come back and show secondary meaning and register under 2F. That's not an issue in this case, though. It was never raised. It was never raised. Thank you, Ms. Lutter. Do you have any questions? No. Thank you. Mr. Kersey? Yes, under your honor. Just briefly on the issue of descriptiveness, our position is that this mark should be treated like IBM.com. It doesn't tell you what that mark is being used for. Of course, it suggests various services and products of IBM. So to the mark ladiesgolf.com doesn't tell you what specific services are involved. If you look at the mark, we're talking about the mark itself, not about what it's registered for. Looking at the mark, it could suggest golf clubs. It could suggest all kinds of things. So our position there is that ladiesgolf.com is no more descriptive than IBM.com. How about the likelihood of confusion? On the likelihood of confusion, yes. I think the important consideration is that that mark that was cited against the applicant has a specific disclaimer which states that it doesn't claim any right in the words ladies golf apart from the mark as shown. And the mark as shown, of course, includes that showing of the golf ball and the design. So if they're going to disclaim the right to use ladies golf, that can't be cited against us. Thank you, your honor. Thank you, Mr. Kersey. The case is submitted.